Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3321 | **DATE** | 6/4/2003 |
| **CASE TITLE** | Laborers' Pension Fund, et al. vs. Dominic Jr., Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]

(10) ■ [Other docket entry] Report and Recommendation to the Hon. James F. Holderman is submitted herewith. For the reasons set out therein, this Court respectfully recommends that the defendant Dominic Jr., Inc. and its president Dominic Giannini, Jr. be found in contempt of Court for violation of the lien imposed at the time of the service of a citation to discover assets, and that judgment be entered against Dominic Giannini, Jr. personally in the amount $86,202.22. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed.R.Civ.P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. Lorentzen v. Anderson Pest Control, 64 F.3d 327, 330 (7th Cir. 1995). Enter Report and Recommendation.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | JUN 5 2003 | |
| ✓ | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | 36 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | 03 JUN -4 PM 1:53 | 6/4/2003 | |
| ✓ | Copy to judge/magistrate judge. | FILED OT | date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | MW6 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
JUN 5 2003

| | |
|---|---|
| LABORERS' PENSION FUND, et al., Plaintiffs, | ) ) ) Cause No. 02 C 3321 ) |
| v. | ) ) Judge James F. Holderman ) Magistrate Judge Geraldine Soat Brown |
| DOMINIC JR., INC., Defendant. | ) ) ) ) |

To: The Honorable James F. Holderman
United States District Court Judge

## REPORT AND RECOMMENDATION

Geraldine Soat Brown, United States Magistrate Judge

For the reasons set out below, this court respectfully recommends that defendant Dominic Jr., Inc. and its president Dominic Giannini, Jr. be found in contempt of court for violation of the lien imposed at the time of the service of a citation to discover assets, and that judgment be entered against Dominic Giannini, Jr. personally in the amount $86,202.22.

## PROCEDURAL BACKGROUND

On November 19, 2002, the District Court entered a judgment in favor of plaintiffs Laborers' Pension Fund, *et al* (the "Funds") against defendant Dominic, Jr., Inc. ("Defendant") in the amount of $300,421.83. [Dkt # 14.] Defendant's motion to alter or amend the judgment was denied. [Dkt # 22.] The District Judge referred all post-judgment proceedings to this court. [Dkt # 26.] The

1



Funds filed a motion for a rule to show cause, asking the court to order Defendant, through its president Dominic Giannini, Jr., to appear and show cause why it should not be held in contempt for transferring funds in violation of a citation to discover assets. [Dkt # 27.] Defendant filed a motion to quash the citation to discover assets, or, alternatively, to deny the motion for rule to show cause. [Dkt # 29.] This court held a hearing on both motions, and denied Defendant's motion to quash and granted the Funds' motion for rule to show cause. [Dkt # 33.][1]

## FACTUAL FINDINGS

A hearing was held on the rule to show cause. The parties entered into a stipulation of facts for purposes of that hearing, a copy of which is attached to this Report and Recommendation. The parties stipulated to the following facts, which this court adopts as findings of fact for this report and recommendation:

1. Dominic Giannini Jr. is the President of Defendant, Dominic Jr. Inc.

2. On December 6, 2002, Dominic Giannini Jr., as President of Dominic Jr. Inc., was served with a Citation to Discover Assets, (hereinafter "Citation"), issued by this Court on December 4, 2002.

3. The Citation contained the following restraining language:

---

[1] Defendant argued that the citation was unenforceable because it had been issued by the Clerk of the Court on December 4, 2002, less than the 10 days after entry of the judgment (as calculated under Fed. R. Civ. 6), in violation of Fed. R. Civ. P. 62(a). However, under Illinois law, the supplementary proceeding to collect a judgment is commenced with the service of a citation issued by the Clerk. 735 Ill. Comp. Stat. § 5/2-1402(a). The citation is not effective and does not become a lien until it is served, regardless of when it is issued by the Clerk. 735 Ill. Comp. Stat. § 5/2-1402(m). *In re Nowicki*, 202 B.R. 729, 737 (Bankr. N.D. Ill. 1996). In this case, the citation was served on Defendant on December 6, 2002, after the expiration of the ten days provided by Fed. R. Civ. P. 62(a).

2

> YOU ARE PROHIBITED from making or allowing any transfer or other disposition of or interfering with any property not exempt from execution or garnishment belonging to the Judgment Debtor to which the Judgment Creditors may be entitled or which may be acquired by or become due them and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to him until the further order of Court or termination of proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

4. As a corporation, Dominic Jr. Inc. does not have any property that is exempt from execution or garnishment.

5. After being served with the Citation, Dominic Giannini Jr., as President of Dominic Jr. Inc., transferred, or allowed to be transferred, property of Dominic Jr. Inc. that is not exempt from execution or garnishment.

6. The property that was transferred was cash from Dominic Jr. Inc.'s bank account.

7. After December 6, 2002, Dominic Giannini Jr. signed 96 checks from Dominic Jr. Inc.'s bank account, transferring cash to numerous persons and entities.

8. The parties have attached Exhibit A, which is a table detailing the 96 checks identified in paragraph 7 above. The first column of the table represents the check number. The second column represents the date the check was issued. The third column represents the amount that the check was written out for and any writing in the "Memo" section of the check. The fourth column represents to whom the check was made payable to. The fifth column represents when the check was posted to Dominic Jr. Inc.'s account.

9. The amount of the 96 checks identified in Exhibit A total $87,518.78.

At the hearing the parties further stipulated to one modification of the stipulation: That check number 9439 in the amount of $1,316.56, which was paid to the Laborers' Pension and Welfare

3

Funds (one of the plaintiffs), should not be included in the total that the Funds claim was improperly paid out. Thus, the total amount that the Funds seek is $86,202.22.

## DISCUSSION

Federal Rule of Civil Procedure 69 provides that the process to enforce a civil judgment entered by a federal court "shall be in accordance with the practices and procedure of the state in which the district court is held." The Illinois statute governing supplementary proceedings to enforce a civil judgment is 735 Ill. Comp. Stat. § 5/2-1402. Illinois Supreme Court Rule 277 also applies to supplementary proceedings. A citation to discovery assets "may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom. . . ." 735 Ill. Comp. Stat. § 5/2-1402(f)(1). The citation served upon Defendant here so provided. (Stipulation of Facts ¶ 3.) A citation to discover assets prohibits the cited party from transferring assets currently in its possession or that later come into its possession. 735 Ill. Comp. Stat. § 5/2-1402 (m)(1) and (2). Upon the service of the citation, the judgment becomes a lien on the judgment debtor's assets, including after-acquired property. *Id.* The lien and prohibition against transferring assets continue for six months after the cited party appears personally in response to the citation or until order of the court. Ill. Sup. Ct. R. 277(f).

Under 735 Ill. Comp. Stat. § 5/2-1402(f)(1):

[t]he court may punish any party who violates the restraining provision of a citation as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this section, or in the amount of the value of the property transferred, whichever is lesser.

4

A corporation that is an judgment debtor and has been properly served with a citation is prohibited from paying its ongoing bills before paying the judgment. The leading Illinois case on that issue is *City of Chicago v. Air Auto Leasing Co.*, 697 N.E.2d 788 (Ill. App. 1998). In *Air Auto*, the corporate judgment debtor had been served with a citation containing the prohibition language included in the citation served on Defendant here. *Id.* at 789-90. A corporate officer of the judgment debtor continued to make payments of ordinary business expenses, including utilities and payments from the payroll account. *Id.* at 790. The Circuit Court denied the petition of the judgment creditor, the City of Chicago, to hold the corporate officer personally liable for the amounts transferred, holding that the amounts were transferred for business purposes in the ordinary course of business. *Id.* at 791. The Appellate Court reversed, holding that the applicable Illinois statute creates only two exceptions to the prohibition on transfer: The transfer of exempt property; and property in excess of double the balance due on the judgment. *Id.* at 791, citing 735 Ill. Comp. Stat. § 5/2-1402(f)(1). The Appellate Court stated that the citations did not allow payments to trade creditors or to third parties for any purpose, and that there is no exception in the statute for transfers in the ordinary course of business. *Id.* The court further held that the corporate officer was liable for the transfer of corporate property, not withstanding the fact that he acted in his capacity as a corporate officer. *Id.* at 792. The court held that the Circuit Court had erred in refusing to hold the corporate officer liable for the amount he transferred from the corporate debtor's checking accounts after the service of the judgment lien.

In the present case, the purpose of the checks issued from Defendant's checking account after the service of the citation appear is less than clear. Some check payees suggest a business purpose, for example, check number 9418 to NICOR Gas. Others are questionable, for example, checks

5

payable to Marshall Fields and Kohl's department stores, payment of various credit card accounts for a number of different accounts, and numerous checks totaling thousands of dollars payable simply to "Cash." In any event, pursuant to the *Air Auto* case, it is clear that Dominic Giannini, Jr. violated the citation by issuing checks from the corporate account of Defendant after the service of the citation, regardless of whether the check was to pay a business expense. The parties have stipulated that, as a corporation, Defendant does not have any property that is exempt from execution. (Stipulation of Facts ¶ 4.) Defendant does not suggest that the other exception (funds in excess of double the outstanding judgment) is applicable.

At the hearing Defendant's counsel argued that, because supplementary proceedings are equitable in nature, the court should create an exception for amounts paid to employees after the service of the citation. Defendant's counsel identified approximately 29 of the 96 subject checks as payment to employees for wages. There is nothing in the record to support that assertion, but accepting, *arguendo*, counsel's representation that certain checks were issued to pay wages to employees, Defendant has presented no authority that would permit this court to create an equitable exception for payment of wages. Although there is some appeal to the argument that employees who have performed labor should be paid for that labor notwithstanding the existence of a judgment against the employer, Defendant has not presented, and this court's research has not disclosed, any authority suggesting that the employer may decide unilaterally and without prior court approval to issue checks to workers from an account subject to the citation lien. It is instructive that even in the case of an employer reduced to making an assignment for the benefit of creditors, the pre-assignment wages are claims against the estate, albeit preferred claims, and can be contested. 770 Ill. Comp. Stat. § 85/1. Likewise, in bankruptcy, pre-petition wages are claims against the estate. 11 U.S.C.

§ 507(a)(3)(A). The employer cannot simply continue to write payroll checks after the bankruptcy filing without court authorization.

Thus, this court concludes and finds that Defendant, through its president, Dominic Giannini, Jr., violated the citation by issuing checks from Defendant's accounts in the amount of $86,202.22 after being served with the citation. Pursuant to the *Air Auto* decision, Dominic Giannini, Jr. is personally liable for the amounts that he caused to be transferred from the accounts of Defendant after the service of the citation, in the amount of $86,202.22.

The authority of a Magistrate Judge to find and punish contempt is governed by 28 U.S.C. § 636(e). In this case, which is before this court on a referral from the District Judge and in which the allegedly contemptuous conduct did not occur in connection with proceedings before this court, this court cannot enter the order finding and punishing contempt, but must make a report and recommendation to the District Judge.

## CONCLUSION

For the foregoing reasons, this court respectfully recommends that Defendant Dominic, Jr., Inc. and its president Dominic Giannini, Jr. be found in contempt of court for violation of the lien imposed at the time of the service of the citation to discover assets, and that judgment be entered against Dominic Giannini, Jr. personally in the amount $86,202.22.

Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to

appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

**ENTER:**

*[signature]*
Geraldine Soat Brown
**United States Magistrate Judge**

**Dated: June 4, 2003**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND et al., | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. 02 C 3321 |
| | ) Judge James F. Holderman |
| DOMINIC JR., INC., an Illinois | ) |
| corporation, | ) Magistrate Judge |
| | ) Geraldine Soat Brown |
| Defendant. | ) |

## STIPULATION OF FACTS FOR HEARING ON ORDER TO SHOW CAUSE

The parties hereby stipulate to the following facts.

1. Dominic Giannini Jr. is the President of Defendant, Dominic Jr. Inc.

2. On December 6, 2002, Dominic Giannini Jr., as President of Dominic Jr. Inc., was served with a Citation to Discover Assets, (hereinafter "Citation"), issued by this Court on December 4, 2002.

3. The Citation contained the following restraining language:

   > YOU ARE PROHIBITED from making or allowing any transfer or other disposition of or interfering with any property not exempt from execution or garnishment belonging to the Judgment Debtor to which the Judgment Creditors may be entitled or which may be acquired by or become due them and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to him until the further order of Court or termination of proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

4. As a corporation, Dominic Jr. Inc. does not have any property that is exempt from execution or garnishment.

5. After being served with the Citation, Dominic Giannini Jr., as President of Dominic Jr. Inc., transferred, or allowed to be transferred, property of Dominic Jr. Inc. that is not exempt from execution or garnishment.

6. The property that was transferred was cash from Dominic Jr. Inc.'s bank account.

7. After December 6, 2002, Dominic Giannini Jr. signed 96 checks from Dominic Jr. Inc.'s bank account, transferring cash to numerous persons and entities.

8. The parties have attached Exhibit A, which is a table detailing the 96 checks identified in paragraph 7 above. The first column of the table represents the check number. The second column represents the date the check was issued. The third column represents the amount that the check was written out for and any writing in the "Memo" section of the check. The fourth column represents to whom the check was made payable to. The fifth column represents when the check was posted to Dominic Jr. Inc.'s account.

9. The amount of the 96 checks identified in Exhibit A total $87,518.78.

April 17, 2003                          Respectfully submitted,

LABORERS' PENSION FUND, et al.                          DOMINIC JR. INC.

By: _____                          By: _____
       Jerrod Olszewski                                              Michael Palermo, Jr.

Stanley Eisenstein                                      Michael Palermo, Jr.
Edward J. Burke                                         Genevieve M. Lynott
Jerrod Olszewski                                        Riordan, Dashiell & Donnelly
Katz, Friedman, Eagle, Eisenstein & Johnson             10 N. Dearborn, 4th floor
77 W. Washington, 20th floor                            Chicago, Illinois 60602
Chicago, Illinois 60602                                 (312) 663-9400
(312) 263-6330

# SEE CASE FILE FOR EXHIBITS